Daniel, Judge.
 

 — In the case of
 
 Daniel
 
 v.
 
 M‘Rae,
 
 2
 

 Hawks, 590, it was decided, that endorsers on accommodation paper for the benefit of a third person, where there is no special agreement between such endorsers, and where neither is benefitted, are to be considered as co-securities. That was a case in equity, but if they be co-securities, the Courts of law also can give redress. That case has been thought by some of the profession, to have been shaken by the decisions in the subsequent cases of
 
 Smith
 
 v.
 
 Smith,
 
 1 Dev. Eq. Cases, 173, and
 
 Gomez
 
 v.
 
 Lazarus,
 
 ibid. 205. We do not, however, consider the principle established in
 
 Daniel
 
 v.
 
 M‘Rae,
 
 at all impugned by the decisions in those cases. In
 
 Smith
 
 v.
 
 Smith,
 
 Helme and E. Smith executed a promissory note to B. Smith, and on the note being carried to him by Helme, he endorsed it. The signatures of E. Smith and B. Smith were both in fact voluntary, and for the accommodation of Helme, who procured the note to be discounted at bank. The endorser admitted, that he endorsed it at the request of Helme, and that he had no knowledge, that E. Smith was a surety, but that he then believed that E. Smith, had a joint interest with Helme, in having the note discounted. Helme, at the time of the endorsement, told the endorser, that E. Smith, was bound to indemnify him, if he, Helme, failed. This case
 
 *50
 
 is, therefore, plainly distinguishable from that of
 
 Daniel
 
 v.
 
 M‘Rae.
 
 In
 
 Gomez
 
 v.
 
 Lazarus,
 
 the inference of a co-suretyship between Gomez and Clarke, from the circumstance that they respectively accepted and endorsed for the accommodation of Levy, was considered by the Court as repelled by the special terms of the bond and first mortgage to Clarke. They were for his separate and particular indemnity, and not for the security of the debts generally. This was thought to establish an understanding, that Clarke and Gomez were to be responsible, according to their legal liabilities from the order in which their names appeared ; since Clarke’s taking a security against loss to himself alone
 
 as endorser,
 
 indicated that he could not be subjected to loss in any-other character. The inquiry is not now whether that construction was the proper one; but whether that decision, assuming it to be on the ground mentioned, is at points with the previous case of
 
 Daniel
 
 v.
 
 M‘Rae.
 
 That such was the construction,' is quite plain from the reasoning of Judge Henderson, and especially from that part of it, which limits the operation of the general words in the second deed to Lazarus and M‘Rae, by the reference to the former mortgage to Clarke. The liability of Clarke as
 
 endorser,
 
 necessarily converted the liability of Gomez as
 
 acceptor,
 
 into the prior one; and therefore it was held to amount to a declaration, that those persons should
 
 not
 
 be co-securities. Whether this was right or wrong, it left
 
 Daniel
 
 v.
 
 M'Rae,
 
 unaffected in its principle; which is, that where nothing is said or done inconsistent with that inference, if two persons put their names on paper for the accommodation of a third person, they are co-securities, and are liable without respect to the apparent legal liabilities, arising from the order of l their names. That the integrity of the case of
 
 Daniel
 
 v.
 
 M‘Rae,
 
 was not intended to be impeached, is clear from the subsequent observations of the same Judges, who pronounced the opinion in that case. In
 
 Hatcher
 
 v.
 
 M‘Morine,
 
 3 Dev. 228, Judge Henderson says, he is very far from being satisfied that the case of
 
 Daniel
 
 v.
 
 M‘Rae
 
 is wrong.
 

 Accommodation paper, was almost unknown in this state, previous to the establishment of our banks. Since
 
 *51
 
 that period, most of the business done in the banks, has been transacted upon paper of that description. And the principle laid down in the case of
 
 Daniel
 
 v.
 
 M'Rae,
 
 has been so generally understood in this state to be the law, governing in the case of endorsements and sureties on accommodation paper, that this Court feels itself now, under an imperative obligation to follow it as the established law. But, we unanimously take this occasion to remark, that were it
 
 res integra,
 
 we could not sanction the principle. We should say, as has been said by the rest of the mercantile world, that the parties to accommodation paper, were to be governed by the same rules, as parties are governed, whose names are on other or business paper.
 
 Fentum
 
 v.
 
 Pocock, 5
 
 Taunt. 192.
 
 Murry
 
 v.
 
 Judah,
 
 6 Cowen, 484. 3 Kent’s Com. 86. The counsel for the defendant contends, that if
 
 Daniel
 
 v.
 
 M‘Rae
 
 be law, this' case is not within its principle; that Richards must be considered a principal, and not a surety. We do not think so. The money which Richards received, must be taken as a loan from Yarbrough, for which Richards gave his separate note to secure the repayment. The note for five hundred and eighty dollars, which Yarbrough drew, and which was endorsed, first by Richards, and then taken by Yarbrough to the defendant for his endorsement, was evidence to the defendant, that it was only for the accommodation of the drawer; and that they, Richards, and the defendant, were to be considered only as endorsers without any benefit in the avails of the said note, after it should be discounted at Bank. We think the Court was right, in deciding that this case was governed by
 
 Daniel
 
 v.
 
 M‘Rae,
 
 and therefore, that the plaintiff was entitled to recover.
 

 Per Curiam. Judgment affirmed.